1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JEFFREY BRYAN NORSWORTHY,              No. CIV S-09-2989-LKK-CMK-P

12                  Plaintiff,

13           vs.                             ORDER

14   MATTHEW CATE, et al.,

15                  Defendants.

16   _____/

17               Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19               The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

                                          1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

allege with at least some degree of particularity overt acts by specific defendants which support

the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

impossible for the court to conduct the screening required by law when the allegations are vague

and conclusory.


# I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Cate, Knowles, Dickinson,

Swarthout, Duncan, Rose, Mullen, Pulsifer, Rivers, Mitchell, Broderick, Hemenway, and

Grannis.  Plaintiff alleges as follows:

> On 2/5/09 it was learned that (C/O) Correctional Officer Rivers, and those
> listed as defendants, and several unknowns, intentionally and negligently
> released documents/records stamped & classified: [highly] "confidential"
> to the inmate and staff general population of the (CDCR) California
> Department of Corrections & Rehabiliation; thereby ruining &
> endangering my life forever.  These documents/records identify me as a
> high-level informant/agent for investigative services units (ISUs), Office
> of Internal Affairs (OAI), and other law enforcement agencies who has
> been the primary source responsible for countless CDCR inmate and staff
> and civilian criminal arrests and prosecutions over a twenty-nine (29) year
> period.  C/O Rivers did this with the help of those listed in an attempt to
> have me seriously and/or mortally wounded because C/O Rivers learned I
> was, in fact, investigating her on behalf of ISU/OIA for suspected
> misconduct/wrongdoing/over-familiarity with inmates.  As the court will
> & can see, by the exhibits, these are facts the CDCR refute/dispute
> throughout the entire appeals process.  In fact, the CDCR's use of the
> terms & phrases "at serious risk" and "critical need," compounded with
> their need to pass me from prison to prison for my protection since the
> time of [the incident] is significant and proof they recognize they can no
> longer protect me from their own!  They even confirm a deep & secret
> internal investigation is still active concerning the staff misconduct in this
> case.  Their language is strong and hard to ignore.  For they state at final
> appeal level they are doing their job by simply passing me from prison to
> prison, with little else they can do for me to fix the mess the CDCR
> created by exposing me.  (They've only sedated/medicated, they have
> found no cure or solution).  Plaintiff lives in constant fear of more staff
> retaliation now that everyone knows with and for who I worked.  plaintiff

no longer has the protections/fail-safes of being an undercover
secret/covert member of any ISU/OIA team.  And because plaintiff no
longer serves a usefulness – reconnaissance purpose – no ISU/OIA team
will help protect him from the CDCR brother/sisterhood "Green Wall" and
unionized code of silence.  Thus far plaintiff has been raped, assaulted,
harassed, contracted Hep. C, and fallen victim to attempted murder.  All
the result of serving "The State" in convert operations, which are now
overtly known thanks to CDCR staff.

Plaintiff seeks an award of money damages as well as an order that he be removed from state

custody and placed in protective federal custody.

Documents attached to plaintiff complaint reflect that, after he reported that

documents identifying him as a confidential informant were among the general population,

plaintiff was retained in administrative segregation for his safety and thereafter transferred to a

different prison to satisfy his safety needs.  In the meantime, prison officials investigated the

situation.  Plaintiff's grievances were partially granted in that a staff review would be conducted.

The finding at the Director's Level of review was as follows:

The documentation and arguments are persuasive that the appellant's
concerns are being appropriately addressed by the institution.  In addition,
the appellant is reminded that the California Code of Regulations, Title 15,
Section (CCR) 3270 ultimately orders that staff place the highest priority
on safety regardless of the impact that it may have on an individual's
program.  There is no indication that classification action will not restore
the appellant to the privileges to which he is entitled.  As to monetary
compensation, that request is beyond the purview of the inmate complaint
process.  Further relief at the Director's Level of Review is not warranted.

## II. DISCUSSION

Plaintiff alleges defendant Rivers and "those listed as defendants" intentionally

released to the general prison population records identifying plaintiff as a confidential informant.

He claims that his safety has been endangered as a result.  He also claims defendant Rivers, "with

the help of those listed," did so because she learned that plaintiff had been participating in an

investigation into alleged misconduct by her.   These allegations, when viewed in the light most

favorable to plaintiff, appear to state a cognizable claim against defendant Rivers under the

3

1   Eighth Amendment based on disregard for plaintiff's safety and/or under the First Amendment

2   based on retaliation.  Specifically, plaintiff's complaint alleges what defendant Rivers did

3   (release or allow to be released confidential information to the general population) and why she

4   did it (in retaliation).  Plaintiff does not, however, provide any specific factual allegations as to

5   the remaining defendants.  His claims that defendant Rivers acted with "those listed as

6   defendants" and "with the help of those listed" are conclusory and cannot serve to put defendants

7   on notice of any specific allegedly unlawful conduct.  He does not allege what the other listed

8   defendants did to contribute to the alleged constitutional violations.

9          To the extent plaintiff names defendants who hold supervisory roles, supervisory

10   personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v.

11   List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability

12   under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the

13   supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the

14   notion that a supervisory defendant can be liable based on knowledge and acquiescence in a

15   subordinate's unconstitutional conduct because government officials, regardless of their title, can

16   only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See

17   Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  When a defendant holds a supervisory position,

18   the causal link between such defendant and the claimed constitutional violation must be

19   specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld,

20   589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the

21   involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v.

22   Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each

23   Government-official defendant, through the official's own individual actions, has violated the

24   constitution."  Iqbal, 129 S.Ct. at 1948.

25   / / /

26   / / /

4

1        To the extent plaintiff alleges liability as against defendants who participated in

2    the prison grievance process, prisoners have no stand-alone due process rights related to the

3    administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see

4    also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty

5    interest entitling inmates to a specific grievance process).  Because there is no right to any

6    particular grievance process, it is impossible for due process to have been violated by ignoring or

7    failing to properly process grievances.   Numerous district courts in this circuit have reached the

8    same conclusion.  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that

9    failure to properly process grievances did not violate any constitutional right); Cage v. Cambra,

10   1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process

11   and address grievances does not support constitutional claim); James v. U.S. Marshal's Service,

12   1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure

13   to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994

14   WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to

15   function properly failed to state a claim under § 1983).

16       With the foregoing in mind, plaintiff will be provided the opportunity to either:

17   (1) file an amended complaint; or (2) proceed on the original complaint as against defendant

18   Rivers only.

19

20                            **III.  CONCLUSION**

21       Because it is possible that the deficiencies identified in this order may be cured by

22   amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d

23   1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

24   amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

25   1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the

26   prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.

1   An amended complaint must be complete in itself without reference to any prior pleading.  See

2   id.

3          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

4   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

5   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

6   each named defendant is involved, and must set forth some affirmative link or connection

7   between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

8   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

9          Because the complaint appears to otherwise state cognizable claims against

10  defendant Rivers, if no amended complaint is filed within the time allowed therefor, the court

11  will issue findings and recommendations that the claims identified herein as defective be

12  dismissed, as well as such further orders as are necessary for service of process as to the

13  cognizable claims.

14         Accordingly, IT IS HEREBY ORDERED that plaintiff may file an amended

15  complaint within 30 days of the date of service of this order.

16

17   DATED: May 6, 2010

18                                          _____
                                            **CRAIG M. KELLISON**
19                                          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26