IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY BRYAN NORSWORTHY,            No. CIV S-09-2989-LKK-CMK-P

        Plaintiff,

  vs.                                                        FINDINGS AND RECOMMENDATIONS

RIVERS,

        Defendant.

                                       /

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motions for injunctive relief (Docs. 2, 12, 15, and 19).

        In his motions, plaintiff seeks an order removing him from state custody and transferring him to protective federal custody.  Plaintiff claims in his motion and underlying civil rights action that defendant Rivers retaliated against him by allowing confidential information identifying him as a prison informant to be released to the general population.  According to plaintiff, this release of information about him has resulted in risks to his safety should he remain in state custody.

1

1   The legal principles applicable to requests for injunctive relief, such as a
2 temporary restraining order or preliminary injunction, are well established.  To prevail, the
3 moving party must show that irreparable injury is likely in the absence of an injunction.  See
4 Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.
5 Def. Council, Inc., 129 S.Ct. 365 (1008)).  To the extent prior Ninth Circuit cases suggest a lesser
6 standard by focusing on the mere possibility of irreparable harm, such cases are "no longer
7 controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,
8 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is
9 likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an
10 injunction;  (3) the balance of hardships tips in his favor; and (4) an injunction is in the public
11 interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).
12   Reviewing the file as a whole, including documents attached to plaintiff's
13 amended complaint, the court finds that plaintiff has not demonstrated that irreparable injury is
14 likely absent an injunction.  Specifically, plaintiff's documents reflect that he has been
15 transferred from prison to prison and/or has been placed in protective housing segregated from
16 the general population and that these actions have been taken for his safety.  Thus, while there
17 may be a possibility of irreparable injury, such injury does not appear likely given the measures
18 plaintiff admits are being taken to respond to his safety concerns.
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

Based on the foregoing, the undersigned recommends that plaintiff's motions for injunctive relief (Docs. 2, 12, 15, and 19) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE