IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BRYAN NORSWORTHY, | No. CIV S-09-2989-LKK-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| RIVERS, | |
|     Defendant. | |
| _____ / | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

      On July 28, 2010, the Magistrate Judge filed findings and recommendations herein which were served on the parties and which contained notice that the parties may file objections within a specified time. Timely objections to the findings and recommendations have been filed.

      Plaintiff seeks a preliminary injunction of transfer from state custody to federal custody. Plaintiff alleges, and provides documentary support, the he was a confidential informant. He further alleges that a memorandum concerning his informant status was released to

the general population of the prison. Plaintiff contends that correctional officers and other inmates have threatened his life upon release of this memorandum. Defendant has not been served with the complaint or the motions for a preliminary injunction. Accordingly, defendant has not provided any response to motion for a preliminary injunction.

Further, the only defendant named in the instant complaint is Rivers, the prison official who allegedly released the memorandum or allowed the memorandum to be released. She does not appear to have authority to alter the conditions of plaintiff's incarceration.

The Magistrate Judge filed findings and recommendations on July 28, 2010 recommending that this court deny plaintiff's motions for a preliminary injunction because he has not demonstrated that irreparable injury is likely. He reasoned that, "plaintiff's documents reflect that he has been transferred from prison to prison and/or has been placed in protective housing segregated from the general population and that these actions have been taken for his safety." This court does not find that these indications in the record demonstrate that plaintiff is not likely to suffer irreparable injury. Specifically, plaintiff claims that he experienced threats of violence or violence at each prison from which he has been transferred. Moreover, the court cannot determine whether his placement in administrative segregation is current or whether it protects him from violence or threats of violence from correctional officers. Thus, the evidence submitted along with plaintiff's filings in this case demonstrate that transfer from prison to prison has not protected him from violence and threats of violence.

Nonetheless, the court denies plaintiff's motion because he has not sued a party that the court has authority to enjoin. Rather, in order to obtain injunctive relief, plaintiff must name a defendant (or defendants) who has authority to alter the conditions of his confinement, such as the prison warden. Such a defendant must nonetheless meet the Ninth Circuit's standard for injunctive relief, which is that his "combined acts or omissions of the state officials responsible for operating the state's penal system created living conditions that violate the" constitution. Leer v. Murphy, 844 F.2d 626, 633 (9th Cir. 1988) While this analysis "undeniably

focuses on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have caused the constitutional deprivation," it nonetheless "is broader and more generalized than when that same prisoner seeks damages for the harmful effects" of the constitutional violation. Id. Accordingly, in order to demonstrate that he is entitled to injunctive relief under § 1983, plaintiff must name a defendant who is responsible for policies or practices that resulted in violations of plaintiff's Constitutional rights.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The court declines to adopt the findings and recommendations filed July 28, 2010;
2. The court nonetheless denies plaintiff's motions for a preliminary injunction, ECF Nos. 2, 12, 15, 19.
3. Plaintiff is granted leave of sixty (60) days to file an amended complaint in which he adds a defendant (or defendants) who has the authority to alter the conditions of his employment.

DATED: August 30, 2010

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] The court notes that this order in no way alters the magistrate judge's holding that plaintiff has stated a non-frivolous claim against defendant Rivers. Rather, it appears to the court that plaintiff may only seek monetary damages from Rivers. If plaintiff chooses to file an amended complaint, he is advised that he must name Rivers as well as a defendant with authority to alter the conditions of his confinement in order to maintain a claim against Rivers.

3