1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JEFFREY BRYAN NORSWORTHY,        No. CIV S-09-2989-LKK-CMK-P

12              Plaintiff,

13        vs.                        <u>FINDINGS AND RECOMMENDATIONS</u>

14   RIVERS,

15              Defendant.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983.

19              This action proceeds on the amended complaint (Doc. 18), filed on May 21, 2010.

20   Rivers is the only defendants named in the amended complaint.  On July 23, 2010, the court

21   determined that service of the complaint was appropriate and, on August 5, 2008, plaintiff

22   submitted the paperwork necessary for service by the United States Marshal.  On November 16,

23   2010, the United States Marshal was directed to effect service on defendant Rivers.  On March

24   29, 2011, service of process was returned unexecuted with the following notations: "2-10-11 Per

25   facility – resigned in Dec. '09" and "3-21-11 Per CDC locator 4 c/o w/ L. name."  On April 14,

26   2011, plaintiff was directed to provide the court with additional information in order to serve

1   defendant Rivers.  Plaintiff was advised that the failure to effect timely service could result in

2   dismissal of the action pursuant to Federal Rule of Civil Procedure 4(m).  Plaintiff was directed

3   to comply within 60 days.

4                   To date, plaintiff has not provided the court with any additional information.

5   Instead, plaintiff has filed two motions: (1) a motion for appointment of counsel for the purpose

6   of assisting him in locating defendant Rivers for service; and (2) a motion for judicial

7   intervention with respect to locating defendant Rivers.  The court finds that it is not appropriate

8   to grant either request.  Service of process was returned unexecuted because four current or

9   former correctional officers with the California Department of Corrections and Rehabilitation

10  share the last name "Rivers."  No amount of judicial intervention or professional legal assistance

11  from appointed counsel will aid plaintiff in more specifically identifying the person plaintiff

12  alleges to have violated his constitutional rights.  It is incumbent on plaintiff, who was allegedly

13  wronged by a particular correctional officer, to be able to identify who that person was and to

14  provide that information in the operative pleading so as to put the correct person on notice that he

15  or she is a defendant in this case.

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

1          Based on the foregoing, the undersigned recommends that:

2               1.     This action be dismissed without prejudice pursuant to Federal Rule of

3 Civil Procedure 4(m) for failure to effect timely service of process;

4               2.     All pending motions be denied as moot; and

5               3.     The Clerk of the Court be directed to enter judgment of dismissal and

6 close this file.

7          These findings and recommendations are submitted to the United States District

8 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

9 after being served with these findings and recommendations, any party may file written

10 objections with the court.  Responses to objections shall be filed within 14 days after service of

11 objections.  Failure to file objections within the specified time may waive the right to appeal.

12 See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

14  DATED: July 5, 2011

16                                    **CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE