IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BRYAN NORSWORTHY, | No. 2:09-CV-2989-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| RIVERS, | |
| Defendant. | |
| _____/ | |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motion for leave to amend (Doc. 54) and plaintiff's motion for appointment of counsel (Doc. 59).

        In his motion for leave to amend (Doc. 54), plaintiff seeks permission to file an amended complaint naming several additional defendants who, according to plaintiff, covered up the wrongdoing allegedly perpetrated by defendant Rivers.  The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier,

1  see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a party's pleadings may only be amended
2  upon leave of court or stipulation of all the parties.  See Fed. R. Civ. P. 15(a)(2).  Where leave of
3  court to amend is required and sought, the court considers the following factors: (1) whether
4  there is a reasonable relationship between the original and amended pleadings; (2) whether the
5  grant of leave to amend is in the interest of judicial economy and will promote the speedy
6  resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend;
7  (4) whether the grant of leave to amend would delay a trial on the merits of the original claim;
8  and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of
9  Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the
10 proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th
11 Cir. 1987).

12         In this case, the court concludes that the long delay between filing the initial
13 complaint and seeking leave to amend renders amendment at this stage of the proceedings
14 inappropriate.  Plaintiff filed this action in October 2009 complaining of events which occurred
15 earlier that year.  Plaintiff has not demonstrated why he did not seek leave to amend to add
16 additional defendants earlier than nearly three years later.  In addition to the unexplained delay,
17 granting leave to amend at this late stage of the proceedings would delay a trial on the merits and
18 would prejudice defendants because, if leave to amend were granted, additional discovery would
19 be required.  For these reasons, plaintiff's motion for leave to amend will be denied.

20         Plaintiff also seeks the appointment of counsel (Doc. 59).  The United States
21 Supreme Court has ruled that district courts lack authority to require counsel to represent
22 indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298
23 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of
24 counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
25 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of
26 "exceptional circumstances" requires an evaluation of both the likelihood of success on the

merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  Plaintiff has demonstrated ample ability to articulate his claims on his own.  Further, plaintiff has not at this point demonstrated any particular likelihood of success on the merits.  To the contrary, a brief review of defendant's pending motion for summary judgment suggests that plaintiff's claim may have no merit at all.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (Doc. 54) is denied;
2. The second amended complaint filed on June 20, 2012, is stricken; and
3. Plaintiff's motion for appointment of counsel (Doc. 59) is denied.

DATED: February 28, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE