1
2
3
4
5
6
7
8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 JEFFREY BRYAN NORSWORTHY,      No. 2:09-CV-2989-LKK-CMK-P

12         Plaintiff,

13    vs.               FINDINGS AND RECOMMENDATIONS

14 RIVERS,

15         Defendant.

16 _____/

17        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18 U.S.C. § 1983.  Pending before the court is plaintiff's motion for injunctive relief (Doc. 63).

19        The legal principles applicable to requests for injunctive relief, such as a

20 temporary restraining order or preliminary injunction, are well established.  To prevail, the

21 moving party must show that irreparable injury is likely in the absence of an injunction.  See

22 Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

23 Def. Council, Inc., 129 S.Ct. 365 (1008)).  To the extent prior Ninth Circuit cases suggest a lesser

24 standard by focusing on the mere possibility of irreparable harm, such cases are "no longer

25 controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

26 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is

1  likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

2  injunction;  (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

3  interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

4          Plaintiff complains that he has been told by prison officials that his "property file

5  is now missing."  Plaintiff seeks an order directing prison officials to "secure all plaintiff's files."

6  At the outset, plaintiff's motion is defective because he does not seek injunctive relief as against

7  a party to the action.  This court is unable to issue an order against individuals who are not

8  parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S.

9  100, 112 (1969).  Additionally, plaintiff has not demonstrated the likelihood of irreparable injury

10  which would result from not having access to his files.  While he may suffer some kind of injury

11  in the future, such as a denial of access to the courts, such injury is speculative at this point and,

12  in any event, not irreparable.

13          Based on the foregoing, the undersigned recommends that plaintiff's motion for

14  injunctive relief (Doc. 63) be denied.

15          These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court.  Responses to objections shall be filed within 14 days after service of

19  objections.  Failure to file objections within the specified time may waive the right to appeal.

20  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21

22   DATED:  February 28, 2013

23                                    _____
                                      **CRAIG M. KELLISON**
24                                    UNITED STATES MAGISTRATE JUDGE

25

26

2