IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BRYAN NORSWORTHY, | No. 2:09-CV-2989-LKK-CMK-P |
|     Plaintiff, | |
|  vs. | ORDER |
| RIVERS, | |
|     Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are the following discovery-related motions:

    Doc. 47    Plaintiff's motion "to receive referenced documents." Plaintiff seeks an order directing defendants to provide him with documents referenced in defendant's request for early settlement conference.

    Doc. 62    Plaintiff's motion for "permission to file witness & party interrogatories/ affidavits." Plaintiff seeks an order permitting him to submit questions to various individuals, one of which is defendant Rivers.

    Doc. 72    Plaintiff's motion to compel discovery. Plaintiff states that he has not received any responses to discovery requests served on defendant on 6-27-2012. Defendant has filed opposition at Doc. 75.

///

1

| | | |
|---|---|---|
| Doc. 73 | | Plaintiff's motion for an order directing the Clerk of the Court to issue subpoenas and directing the USM to serve the subpoenas. Defendant has filed opposition at Doc. 77. |
| Doc. 74 | | Plaintiff's motion to compel discovery. Defendant has filed opposition at Doc. 76. |
| Doc. 82 | | Defendant's motion to compel. |
| Doc. 85. | | Plaintiff's motion for an extension of time. Defendant has filed opposition at Doc. 86. |

## I.  PROCEDURAL HISTORY

This action proceeds on the amended complaint filed May 21, 2010.  Rivers is the only remaining defendant.  Defendant Rivers filed an answer to the amended complaint on June 14, 2012.  On June 21, 2012, the court issued a scheduling order for this case.  That order specified that all discovery requests were to be served by October 22, 2012, with any motions to compel filed within 60 days of this cut-off date.

## II.  DISCUSSION

Plaintiff's Motion to "Receive Referenced Documents" (Doc. 47) – Plaintiff seeks production of copies of documents referenced in defendant's May 11, 2012, motion for an extension of time and for referral to mediation.[1]  In the May 11, 2012, motion, defendant's counsel states: "On April 26, 2012, my assistant requested from the California Department of Corrections and Rehabilitation documents and information relevant to this lawsuit" and "After reviewing the documents and information relevant to this lawsuit, I believe this case is a good candidate for an early settlement conference through the Court's Pro Se Mediation Program."  Plaintiff apparently seeks these documents.

---

[1]  Defendant's request for mediation was denied without prejudice to renewal after a responsive pleading was filed.  Defendant has filed an answer but has not renewed the request for mediation.

Plaintiff's request will be denied as an improper means of seeking discovery. If plaintiff wanted access to the documents references in defendant's motion, he could have served discovery requests on defendant. To the extent plaintiff seeks an order compelling production of the referenced documents, plaintiff's motion to compel is addressed below.

Plaintiff's Motion for "Permission to File Witness & Party Interrogatories/Affidavits" (Doc. 62) – Plaintiff seeks leave of court to "ask questions" of various non-party witnesses, as well as defendant Rivers. Again, plaintiff's motion will be denied as an improper means of seeking discovery. To the extent plaintiff seeks defendant Rivers' answers to specific questions, he could have served interrogatories. To the extent plaintiff seeks to ask non-party witnesses specific questions, he could have sought leave to take their depositions. Plaintiff has not indicated that he pursued either course of discovery.

Plaintiff's 1st Motion to Compel (Doc. 72) – Plaintiff states that he served a request for production of documents referenced in defendant's motion for mediation on June 27, 2012, but that he "has not yet received the requested documents." Plaintiff attaches to his motion what appears to be the June 27, 2012, discovery request served on defendant. It should be noted that plaintiff does not argue that he never received any response, nor does he argue that any particular response was inadequate. According to declarations submitted with defendant's opposition to plaintiff's motion, defendant served responses to plaintiff's request for production of documents on August 13, 2012. Because defendant responded to plaintiff's discovery request, and because plaintiff does not argue that such response was inadequate in any way, plaintiff's motion to compel will be denied.

Plaintiff's Motion Regarding Subpoenas (Doc. 73) – Plaintiff seeks an order directing the Clerk of the Court to issue subpoenas duces tecum and directing the United States Marshal to serve the subpoenas "upon non-parties directly relevant and concerned to the pending case. . . ." In opposition, defendant Rivers notes that the documents sought by way of the requested subpoenas are the same documents plaintiff requested defendant to produce. From this

defendant argues that the subpoenas would be duplicative and pose an undue burden on the custodian of records who would have to answer any subpoenas. While this may be true, the proper method of raising this argument would be a motion to quash filed following service of an objectionable subpoena.

Plaintiff's request for issuance of a subpoena duces tecum must be granted. See Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it"). Plaintiff must complete the subpoena and return it to the court for service by the United States Marshal.

Plaintiff's 2nd Motion to Compel (Doc. 74) – In this motion, plaintiff again seeks an order compelling production of the documents sought in his June 27, 2012, discovery request served on defendant Rivers. In opposition, defendant Rivers argues that her responses to plaintiff's request for production of documents were adequate and valid. At issue are plaintiff's first and second unnumbered requests for production, as well as request nos. 1, 3, 4, 5, 6, 7, 8, and 9.

In his first unnumbered request, plaintiff asks: "Plaintiff wants the relevant documents/information referred to in the defense previous motion for early settlement conference." In her response, defendant Rivers objected on the grounds that the request is vague and ambiguous as to which documents are sought. She also objected because the motion for mediation had been filed by a prior attorney and the current attorney has no way of knowing which documents the prior attorney requested or reviewed.

Defendant's objections are not well-taken. First, the request is sufficiently specific to allow defendant to know which documents were being sought. Specifically, plaintiff sought production of all the documents reviewed by prior counsel in connection with the motion for mediation. While new counsel did not make the request for mediation or review the documents prior counsel reviewed, prior counsel obtained specific documents from CDCR which were reviewed. New counsel has not presented any explanation for why she could not, upon

exercising due diligence, determine which documents prior counsel received and reviewed. Defendant will be required to serve a supplemental response and produce any non-privileged documents.

In his second unnumbered request, plaintiff seeks production of a copy of the transcript of his deposition at defendant's expense. Defendant properly objected on the basis that the requested documents does not yet exist because defendant had not yet taken plaintiff's deposition.

In request no. 1, plaintiff seeks a memorandum authored by correctional officer S. Borsh. Defendant properly objected because, as a former CDCR employee, the requested document is not in her custody or control.[2]

In request no. 3, plaintiff seeks documents from the files of inmates Sweeny, Manes, and Atkinson, and these inmates' rules violation reports resulting from their alleged assault on plaintiff on August 7, 2008. Defendant properly objected to this request because it is compound in that it seeks documents from three separate inmate files. Defendant also properly objected on relevance grounds because plaintiff has not shown a connection between the document he seeks and his claims that River's retaliated against him by releasing his name as a confidential informant so that he would be assaulted by other inmates. At most, the sought after documents would show that inmates Sweeny, Manes, and Atkinson assaulted plaintiff and, possibly, that defendant Rivers issued or approved the resulting rules violation reports. These documents would not show, however, any underlying motivations, ill or otherwise.

In request no. 4, plaintiff seeks ". . .the reports and notes generated by ISU/OIA during the investigation of Rivers, about Rivers and the results thereof." Defendant properly objected on the basis that the request is overbroad in that it seeks "all notes" and not just those relating to the events relevant to this case. Similarly, the request is vague in that it refers to "the

---

[2] It remains possible that the requested memorandum could be produced pursuant to a valid subpoena served on the custodian of records.

investigation" of Rivers and not the particular investigation at issue in this case. Finally, defendants properly objected on the grounds that the documents sought contain official as well as private information. See <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033 (9th Cir. 1991).

In request nos. 5 and 6, plaintiff seeks documents related to "Ad. Seg. IN/OUT log books." Defendant properly objected on the ground that this term is vague, both in terms of which of possible multiple volumes is being sought or which in terms of different kinds of logs (i.e., isolation logs or unit logs) is being sought.

In request no. 7, plaintiff seeks ". . .the notes dropped on him on October 15, 2008, referred to in exhibits." Defendant properly objected on the basis that the phrase "dropped on him" is vague and ambiguous.

In request no. 8, plaintiff seeks ". . . the 115 disciplinary write-up he received at MCSP March/April 2009 for refusing to 'lock up' with '9' men in an unsupervised area–authored and adjudicated by Correctional Sergeant Knerl." Defendant properly responded that, exercising due diligence, a search for the document plaintiff seeks yielded no such document. Defendant's response that she cannot produce the document because it cannot be found is adequate.

In request no. 9, plaintiff seeks ". . . the personnel records of Rivers for years of 2008/2008." This information is clearly privileged and defendant properly objected on this basis. Moreover, the request is overbroad in that it seeks Rivers' entire personnel file and does not exclude portions which would be irrelevant (such as salary records or health care records).

<u>Defendant's Motion to Compel (Doc. 82)</u> – Defendant argues that plaintiff's responses to her August 6, 2012, requests for admissions, interrogatories, and requests for production of documents are inadequate. In request no. 1, defendant asked plaintiff to admit he has no evidence that Rivers provided other inmates at CMF information about plaintiff being a confidential informant. In interrogatory no. 1, defendant asked plaintiff to state all facts supporting anything other than an unqualified admission to request for admission no. 1. As to request no. 1, plaintiff answered: "Plaintiff's evidence lies within the documents defendant

1  refuses to produce." In response to interrogatory no. 1, plaintiff answered: "Plaintiff cannot fully
2  answer this question without the information plaintiff requested the defendant produce, and has
3  yet to produce." Plaintiff responded to defendant's remaining related requests for admissions and
4  interrogatories by referring to these responses. For example, plaintiff responded to Interrogatory
5  no. 2 with: "Plaintiff refers to Answer #1."

6  Under Federal Rule of Civil Procedure 36(a)(4), a response to a request for
7  admission must specifically deny the request or state in detail why the answering party cannot
8  admit or deny it. In this case, request no. 1 asked plaintiff to admit he has no evidence. In
9  response, plaintiff neither admitted nor denied the matter, but stated that documents have not
10 been produced by defendant. Plaintiff's response is inadequate because the request did not ask
11 plaintiff to admit that defendant had documents. Moreover, the response is clearly evasive.
12 Given that plaintiff signed his complaint indicating a good faith basis for his allegations, plaintiff
13 must have some evidence to support his claims. Plaintiff will be required to serve supplemental
14 responses to defendant's requests for admissions.

15 As to defendant's interrogatories, the court also finds that plaintiff's answers are
16 inadequate. Specifically, while plaintiff states that he cannot <u>fully</u> answer defendant's questions,
17 he made no attempt to even partially answer them. Plaintiff will be required to serve
18 supplemental responses to defendant's interrogatories.

19 As to defendant's requests for production of documents, to each request related to
20 evidence identified in accompanying interrogatories, plaintiff responded: "Defendant's
21 refusal/failure to provide documents/information plaintiff rightfully requested previously
22 obstructs his ability to provide defendant with the proof/answers sought after." This response is
23 also clearly evasive and plaintiff will be required to serve supplemental responses.
24 / / /
25 / / /
26 / / /

Finally, defendant seeks an award of monetary sanctions for bringing her motion to compel. This request will be granted and plaintiff will be ordered to pay defendant's reasonable attorney's fees of $760.00, as supported by declaration. Plaintiff is cautioned that failure to comply could result in imposition of additional sanctions, including dismissal of the entire action.

<u>Plaintiff's Motion for Extension of Time (Doc. 85)</u> – Plaintiff seeks an order, apparently under Federal Rule of Civil Procedure 56(d), allowing additional time to obtain discovery in order to prepare an opposition to defendant's pending motion for summary judgment. Good cause appearing therefor, and given the additional discovery which will be ordered below, plaintiff's request will be granted. The court will defer ruling on defendant's motion pending completion of additional discovery allowed by this order.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions at Docs. 47, 62, and 72 are denied;

2. Plaintiff's motion at Doc. 73 is granted;

3. The Clerk of the Court is directed to issue a blank subpoena and send it to plaintiff;

4. Plaintiff shall complete and return the subpoena to the court within 30 days of the date of this order;

5. Plaintiff's motion to compel at Doc. 74 is granted in part and denied in part;

6. Defendant shall serve supplemental responses to plaintiff's request for production of documents referenced in prior counsel's request for mediation within 30 days of the date of this order;

7. Defendant's motion to compel at Doc. 82 is granted;

      8.     Plaintiff shall serve supplemental responses to defendant's request for admissions, interrogatories, and request for production of documents within 30 days of the date of this order;

      9.     Defendant's motion for sanctions at Doc. 82 is granted;

      10.    Plaintiff shall pay to defendant, in care of defendant's counsel, $760.00 in monetary sanctions within 30 days of the date of this order;

      11.    Discovery is sua sponte re-opened to allow for the discovery ordered above as well as any additional discovery related to responses served pursuant to this order;

      12.    The parties may conduct additional discovery through July 1, 2013, with any motions to compel due within 30 days of this cut-off date;

      13.    Plaintiff's motion at Doc. 85 is granted;

      14.    The court will defer ruling on defendant's pending motion for summary judgment until the close of discovery; and

      15.    The Clerk of the Court is directed to terminate Doc. 84 as a pending motion.

DATED: March 29, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE