IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BRYAN NORSWORTHY, | No. 2:09-CV-2989-LKK-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| RIVERS, | |
| Defendant. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to dismiss (Doc. 94).

Defendant moves for dismissal as a sanction for plaintiff's failure to comply with the court's March 29, 2013, order. That order addressed pending discovery motions. Both plaintiff and defendant were required to supplement their responses to discovery requests. As to plaintiff, the order required that: "Plaintiff shall serve supplemental responses to defendant's requests for admissions, interrogatories, and request for production of documents within 30 days of the date of this order." Defendant contends that plaintiff has failed to provide supplemental responses as required and seeks dismissal of the action. In response to defendant's motion, plaintiff sates that, because the discovery cut-off date was extended to July 1, 2013, he has until

1

that date to comply with the order to provide supplemental responses.

Under Federal Rule of Civil Procedure 37(b)(2)(A)(v), the court may dismiss an action in whole for failure to obey a discovery order. The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1.

Having considered these factors, the court finds that dismissal is an appropriate sanction. First, the court finds that plaintiff's conduct was willful because his disobedience of the March 29, 2013, order has not been shown to be outside his control. See Henry v. Gill Indus., Inc., 983 F.2d 943 (9th Cir. 1993). Next, plaintiff's failure to provide adequate discovery responses prejudices defendant's ability to present a case. Also, plaintiff has been repeatedly warned throughout this litigation that failure to comply with a court order could result in dismissal of the action. See Local Rule 110.

It is clear from plaintiff's opposition to defendant's motion to dismiss that plaintiff believes that he is being thwarted in his ability to prosecute his case by defendant's failure to provide him access to discovery. This, however, is belied by the fact that plaintiff neither sought reconsideration of the court's May 29, 2013, discovery order, nor moved for sanctions based on any non-compliance on the part of defendant. Plaintiff cannot throw his arms up in the air and bring the case to a halt because he feels he is entitled to discovery that, from all appearances, has been provided to him.

/ / /

Based on the foregoing, the undersigned recommends that defendant's motion to dismiss (Doc. 94) be granted and that all other pending motions (Docs. 63 and 84) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 14, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE