IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BRYAN NORSWORTHY, | No. 2:09-CV-2989-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| RIVERS, | |
| Defendant. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On August 15, 2013, the Magistrate Judge filed findings and recommendations herein recommending that this action be dismissed as a sanction for plaintiff's failure to provide supplemental discovery responses as required by the magistrate judge's March 29, 2013 order. The findings and recommendations were served on the parties and which contained notice that

/////

/////

/////

1

the parties may file objections within a specified time.  Plaintiff has timely filed objections to the findings and recommendations.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a de novo review of this case.  For the reasons set forth herein, the court declines to adopt the recommendation that this action be dismissed.

The magistrate judge correctly set forth the five factors to be considered by a court before dismissing an action as a sanction for failure to comply with a court order.  These include "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;  and (5) the availability of less drastic alternatives.'" Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). However, the court does not agree with the magistrate judge's conclusion that consideration of the five factors supports the sanction of dismissal under the circumstances of this action.

On December 21, 2012, defendant Rivers, who is the sole remaining defendant in this action, filed the motion to compel (ECF No. 82) that led to the March 29, 2013 order. Thereafter, on January 22, 2013, defendant filed a motion for summary judgment (ECF No. 84). The motion for summary judgment was filed two months before the magistrate judge's ruling on defendant's motion to compel. Plaintiff, who had also filed motions to compel, sought a ninety day extension of time to respond to the motion for summary judgment (ECF No. 85).  Defendant

---

[1] Plaintiff includes a request for appointment of counsel with his objections.  This court lacks authority to require counsel to represent indigent prisoners in § 1983 cases, Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989), and the court does not find present here the exceptional circumstances required for the court to request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

opposed the request for ninety days to oppose the motion but had no objection to a thirty day extension of time (ECF No. 86). In the March 29, 2013 order, the magistrate judge resolved several outstanding discovery motions, extended the discovery cut-off to July 1, 2013, granted plaintiff's motion for extension of time to oppose the summary judgment motion, and deferred ruling on that motion pending the close of discovery. Order filed March 29, 2013 (ECF No. 90) at 8-9. Pursuant to that order, both parties were required to serve supplemental responses to discovery requests. Id. at 8-9.

Defendant filed the motion to dismiss at bar on May 16, 2013, seeking dismissal for plaintiff's failure to provide supplemental responses as required by the March 29, 2013 order. In opposition to the motion, plaintiff contended erroneously that he had until July 1, 2013, the new discovery cutoff, to comply with the March 29, 2013 order. Opposition to Motion to Dismiss, filed May 28, 2013 (ECF No. 97) at 1. Plaintiff also continued to contend that he required document production from defendant to respond. Id. at 2-5.

The magistrate judge did not err in concluding that plaintiff's explanations for his failure to provide supplemental discovery responses were without merit. However, where, as here, defendant has already filed a motion for summary judgment the court cannot agree that plaintiff has brought this action "to a halt" by his failure to comply with the discovery order or that the sanction of dismissal is proper. Defendant prepared and filed a motion for summary judgment without the supplemental discovery responses at issue and, in so doing, tendered the merits of the claims against her for resolution in her favor. There is little risk of prejudice to defendant from adjudication of the summary judgment motion on the merits. Under the circumstances of this case, the less drastic alternative to dismissal of this action is an order requiring plaintiff to file an opposition to the summary judgment motion forthwith and, should the action survive summary judgment, consideration of an order precluding plaintiff from tendering at trial any evidence that should have been but was not provided to defendant as

/////

required by the March 29, 2013 order.[2] Defendant, however, has only sought the sanction of dismissal. The court in no way condones plaintiff's failure to comply with a court order and cautions plaintiff that continued non-compliance with court orders may result in the sanction of dismissal. However, for the reasons set forth in this order that harsh sanction is not warranted at this time.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 15, 2013 (ECF No. 100) are adopted as to the finding that plaintiff failed without justification to comply with the magistrate judge's March 29, 2013 order but otherwise are not adopted;

2. Defendant's May 16, 2013 motion to dismiss is denied;

3. This matter is referred back to the magistrate judge for further proceedings on defendant's motion for summary judgment (ECF No. 84) consistent with this order.

DATED: September 17, 2013.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] Given that defendant moved for summary judgment without the evidence he sought to compel, a preclusion order at the summary judgment stage would not seem appropriate.