**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY BRYAN NORSWORTHY, | No. 2:09-CV-2989-LKK-CMK-P |
| Plaintiff, | |
| v. | ORDER |
| RIVERS, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On March 13, 2014, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that the parties may file objections within a specified time. Plaintiff has timely filed objections to the findings and recommendations and defendant has filed a response to plaintiff's objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a de novo review of this case. This action proceeds on plaintiff's claims that defendant Rivers violated plaintiff's constitutional rights by intentionally releasing documents to the general inmate population identifying plaintiff as a confidential informant. Plaintiff claims that defendant Rivers was retaliating against plaintiff, and that her conduct constituted deliberate

1

1   indifference to his safety.  The matter is before the court on defendant's motion for summary
2   judgment, which the magistrate judge recommends be granted.

3         It appears undisputed that in late 2008 or 2009, "confidential paperwork" identifying
4   plaintiff as a prison informant was received by inmate Leo Self at California Medical Facility
5   (CMF).  According to inmate Self's declaration, the confidential paperwork was sent to him by
6   inmate Brian Sweeney "with further instructions that inmate Norsworthy was to be killed."  Ex.
7   C to Pls. Objs., Declaration of Leo Self (ECF No. 113) at 20.  Inmate Sweeney gave the
8   paperwork, in an envelope, to inmate Tyvonne Joseph as inmate Joseph was being released from
9   administrative segregation, and asked inmate Joseph to "take the envelope to a white inmate in
10  the general population."  Ex. C to Pls. Objs., Declaration of Tyvonne Joseph, filed March 21,
11  2014 (ECF No. 113) at ¶ 3.  Inmate Self avers that "secretly, after receiving the papers the court
12  will find via ISU/OIA records, I told inmate Norsworthy to seek protective custody quickly, and,
13  then, I informed staff of the plot to kill Norsworthy and about the existence of the paperwork
14  within the General population."  Self Decl. (ECF No. 113) at 21.

15        With his objections, plaintiff has submitted a CDC Form 128-B dated February 24, 2009.
16  Ex. B to Pls. Objs. (ECF No. 113).  The 128-B, signed by Correctional Lieutenant J. Pulsipher,
17  states that on February 5, 2009, plaintiff was placed in administrative segregation based on safety
18  concerns and that an inquiry revealed that plaintiff's "safety is at serious risk in the Inmate
19  General Population due to the disloser [sic] of a confidential memorandum which listed
20  Norsworthy as a confidential source."  Id. at 15.  The 128-B also states that "a review of the
21  allegations has resulted in the initiation of an investigation by the Office of Internal Affairs.  Due
22  to the nature of the incident *as well as the allegations of possible staff misconduct involving*
23  *California Medical Facility (CMF) Staff* it is necessary to transfer Inmate Norsworthy to a
24  Sensitive Needs Yard (SNY)."  Id. (emphasis added).  In his objections, plaintiff states that he
25  requested the files of the OIA investigation during discovery but the request was denied.

26        Evidence of how the confidential paperwork got to inmate Sweeney is apparently absent
27  from this record.  Plaintiff's position is that an inference should be drawn, from various facts, that
28  defendant Rivers was the source of the disclosure of the confidential information.  Defendant

2

1  Rivers denies, <u>inter</u> <u>alia</u>, that she was the source of this information or that she had any
2  knowledge that plaintiff was a confidential informant.  <u>See</u>  Ex. A to Pls. Objs., Declaration of
3  Barbara Rivers (ECF No. 113) at 13.
4      The information contained in the 128-B suggests that the inquiry by the Internal Services
5  Unit (ISU) at CMF led to an investigation by the California Department of Corrections and
6  Rehabilitation (CDCR)'s Office of Internal Affairs (OIA) into the circumstances of the disclosure
7  and to possible staff misconduct in connection therewith.   Plaintiff previously sought, <u>inter</u> <u>alia</u>,
8  "the reports and notes generated by ISU/OIA during the investigation of Rivers, about Rivers and
9  the results thereof" as well as defendant Rivers' personnel records.[1]  Defendants objected to the
10 request as overbroad, vague, and on the ground that the documents contained official and private
11 information.  <u>See</u> Order filed March 29, 2013 (ECF No. 90)  at 5-6.  Plaintiff's motion to compel
12 production of this information was denied.  <u>See id</u>.  While plaintiff did not timely seek
13 reconsideration of that order, he now objects vigorously to the denial of the discovery he
14 requested.
15     Good cause appearing, the court declines to adopt the findings and recommendations at
16 this time.  The matter will be referred back to the magistrate judge with instructions to conduct an
17 in camera review of all documents associated with the CMF/ISU inquiry and the OIA
18 investigation referred to in the CDC Form 128-B dated February 24, 2009 and attached as Exhibit
19 B to plaintiff's objections  (ECF No. 113) and to take such further steps as may be appropriate
20 following completion of said in camera review.
21          Accordingly, IT IS HEREBY ORDERED that:
22      1.  The findings and recommendations filed March 13, 2014, are not adopted
23 at this time; and
24      2.  This matter is referred back to the magistrate judge with instructions to
25 conduct an in camera review of all documents associated with the CMF/ISU inquiry and the OIA

---

[1] Defendant Rivers avers that she worked as a correctional officer at CMF until December 2009, and that she currently works at the California Department of Public Health. Ex. A to Pls. Objs., Rivers Decl. at ¶ 1.  In his objections, plaintiff asserts, without citation to evidence, that she resigned "all of a sudden" following an investigation.  Pls. Objs. (ECF No. 113) at 3.

1  investigation referred to in the CDC Form 128-B dated February 24, 2009 and attached as Exhibit
2  B to plaintiff's objections (ECF No. 113) and to take such further steps as may be appropriate
3  following completion of said in camera review.
4      DATED: April 18, 2014.

                      LAWRENCE K. KARLTON
                      SENIOR JUDGE
                      UNITED STATES DISTRICT COURT